### UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

Chambers of                                                                    101 West Lombard Street
**Ellen Lipton Hollander**                                              Baltimore, Maryland 21201
District Court Judge                                                            410-962-0742

June 14, 2022

MEMORANDUM TO MR. WALKER AND COUNSEL

Re:     *Anthony Walker, Jr. v. State of Maryland*
          Civil Action No. ELH-17-1117

Dear Mr. Walker and Counsel:

As you know, this case concerns a pro se petition for a writ of habeas corpus filed by petitioner Anthony Walker, Jr.   ECF 1 (the "Petition").  Of import here, I am in receipt of various letters that petitioner and members of his family have recently submitted to the Court.  *See* ECF 26; ECF 30; ECF 31; ECF 32.  Additionally, I have been made aware by my Chambers staff that Mr. Walker has called my Chambers frequently, to inquire as to the status of his Petition. Accordingly, and in light of petitioner's self-represented status, I am writing for the purpose of clarifying what appears to be some confusion on the part of Mr. Walker regarding the Petition.

Mr. Walker filed the Petition on April 21, 2017, pursuant to 28 U.S.C. § 2254, challenging his 2013 convictions in the Circuit Court for Baltimore County for second-degree sex offense and second-degree assault.  *See* ECF 1.  The State responded to the Petition on May 31, 2017 (ECF 5), supported by numerous exhibits.  And, on June 21, 2018, Mr. Walker replied.  ECF 13.

By Order of September 18, 2019 (ECF 15), I directed the State to file a copy of the transcript of a postconviction hearing held by the Circuit Court for Baltimore County on July 15, 2016.  However, the copy of ECF 15 that had been mailed to petitioner was returned as undeliverable.   ECF 16.  Accordingly, by Order of October 2, 2019, I dismissed the Petition, without prejudice, in light of my belief that Mr. Walker had failed to keep the Court apprised of his current address.  ECF 17 (citing Local Rule 102.1(b)(iii)).[1]

Thereafter, on February 3, 2020, correspondence from petitioner was docketed with the Court, in which he asked the Court to reopen his case, and he provided that his current address was

---

[1] Local Rule 102.1(b)(iii) states, in relevant part: "Self-represented litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served.  This obligation is continuing, and if any self-represented litigant fails to comply, the Court may enter an order dismissing any affirmative claims for relief filed by that party . . . ."

in Suitland, Maryland.  ECF 19.  Further, on November 16, 2021, the Court received another letter from Mr. Walker, in which he reiterated his request for the Court to reopen his case.  ECF 20.[2]

Then, on April 12, 2022, the Court received additional correspondence from petitioner. ECF 22.  Mr. Walker stated that, although he "ha[d] been released,"  he "still [felt] incarcerated," and he again asked the Court to reopen his case.  ECF 22.  Accordingly, by Order of April 20, 2022, I reopened Mr. Walker's case and directed the State to advise the Court as to petitioner's custody status, due by May 11, 2022.  ECF 23 at 1-2.

The State filed a timely response (ECF 27, the "Update"), accompanied by three exhibits. ECF 27-1; ECF 27-2; ECF 27-3.  Relevant here, the State indicated that on August 6, 2019, petitioner had been granted "'mandatory release'" and placed "on supervision with numerous probationary conditions," which was "scheduled to expire [in] November 2022."  ECF 27 at 5. But, on January 7, 2022, Mr. Walker "was charged with numerous violations of the conditions of his supervised release," and a warrant was issued for his arrest by the Maryland Parole Commission of the Department of Public Safety and Correctional Services ("DPSCS").  *Id.*; *see* ECF 27-1 (Warrant).  Thereafter, on April 9, 2022, petitioner was arrested in Fort Bend County, Texas.  ECF 27 at 5; *see* ECF 27-2 (DPSCS Offender Case Management System printout).

The State also provides: "The DPSCS Warrant Apprehension Unit (WAU) has forwarded the warrant to the Fort Bend County Jail, and the jail informed WAU that Walker 'is ready for pick-up from Texas.'"  ECF 27 at 5 (quoting ECF 27-2).  Thus, at the time the Update was filed, petitioner remained in the custody of the Sheriff of Fort Bend County.  ECF 27 at 6; *see* ECF 27-3.  However, it appears that Mr. Walker has since been transferred to Jessup Correctional Instituion in Jessup, Maryland.  *See* ECF 32 at 1.

By Order of May 11, 2022, I indicated that I had reviewed the Update and was satisfied that Mr. Walker is in custody within the meaning of federal law.  ECF 28 at 1.  Accordingly, I stated  that I would consider "the merits of Walker's petition,"  and I instructed the State to "file the . . . post-conviction hearing transcript" that I had initially requested, due by June 27, 2022.  *Id.*; *see* ECF 15.

Accordingly, at this point the Court is awaiting the requested transcript.  Once I receive it, I shall resolve the issues raised by the Petition.  But, this case is one of countless others that require my attention.  So, I cannot specify when I will be able to address it.

In the interim, I have been informed by my Chambers staff that Mr. Walker has requested a copy of the Update (ECF 27).  Therefore, I shall direct the Clerk to mail a copy of ECF 27 to Mr. Walker at his current address of record, 2007 Lakewood Street, Suitland, Maryland 20746, as well as to Mr. Walker, SID No. 3014718, Jessup Correctional Institution, P.O. Box 534, Jessup, Maryland 20794.  *See* ECF 32-1 at 1.

---

[2] Unfortunately, ECF 19 was docketed as a notice of change of address, and ECF 20 was simply docketed as correspondence.

I hope you find this information helpful.

Very truly yours,

_____/s/_____

Ellen Lipton Hollander
United States District Judge